## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number:_____-CV-_____

**ANDRES GOMEZ,**

    **Plaintiff**

**V.**

**BRICKELL CITY CENTRE RETAIL LLC.**

    **Defendant**

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF

Andres Gomez, ("Plaintiff") by and through his undersigned counsel, hereby files this complaint and sues Defendant, BRICKELL CITY CENTRE RETAIL LLC., a corporation doing business in Florida and alleges as follows:

### INTRODUCTION

1. Plaintiff Andres Gomez brings this action individually against BRICKELL CITY CENTRE RETAIL LLC. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter, "ADA").

2. While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, mobile application developers and mobile application content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities. This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3. Blind and visually impaired consumers must use screen reading software or other assistive technologies in order to access mobile application content. Defendant's mobile application contains digital barriers which limit the ability of blind and visually impaired consumers to access

1

the website and physical location.

4. Plaintiff, who is blind and uses the screen reading software integrated into his Android mobile device, brings this action against Defendant for offering and maintaining a mobile application (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. The mobile application ("app") at issue is available through Google Play "app store" for download and installation on Android devices. (hereinafter, "app"). Defendant developed the app and made it available to millions of phone and tablet users without regard for access to the visually impaired.

5. Plaintiff has downloaded and attempted to patronize Defendant's app in the past and intends to continue to patronize Defendant's app but as currently formatted, Plaintiff is unable to access Defendant's app which deprives him of information such as, but not limited to, location and contact information to the physical brick-and-mortar public place of accommodation. Unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's app, Plaintiff will continue to be denied full and equal access to the app as described and will be deterred from fully using Defendant's app or shopping at the physical locations.

6. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities....Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . . 42 U.S.C. § 12188(a)(2).

7. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites and their mobile applications are in

compliance with the ADA.

8. Defendant offers its app to the general public from which it sells a variety of products, provides access to location and contact information, allows for users to gather information of its products, allows for users to conduct a transaction and perform a variety of other functions. As such, it has subjected itself to the ADA because Defendant's app is offered as a tool to promote, advertise and sell its products from its brick and mortar stores, which are places of public accommodation. As a result, the app must interact with Defendant's physical location and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

9. Plaintiff seeks a declaration that Defendant's app violates federal law as described and an injunction requiring Defendant to modify its app so that it is fully accessible to, and independently usable by, blind or visually impaired individuals. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant's app to remain in compliance with federal law.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims asserted herein arose in this judicial district and Defendant(s) does substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

13. Plaintiff Gomez and, at all times relevant hereto, has been a resident of the State of Florida. Plaintiff Gomez is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

14. Defendant BRICKELL CITY CENTRE RETAIL LLC. is a for profit company doing significant business in this judicial district. Defendant has physical brick and mortar retail locations throughout the United States. Defendant owns operates and maintains brick and mortar retail stores in the State of Florida and specifically at 701 S Miami Ave, Miami, FL 33131 which Plaintiff would and has attempted to frequent if not for the digital barriers that impede his access to the location. Defendant's retail stores offer goods and services to the public. Defendant also offers goods and services to the public through the App. Defendant's brick and mortar retail store and app are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

**FACTUAL BACKGROUND AND ALLEGATIONS**

15. The Internet and accompanying mobile applications have become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for both sighted and blind and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

16. Blind individuals may access mobile applications by using the accessibility feature on smart phones and tablets that are equipped with screen reader software that converts text to audio. Screen reader software provides the primary method by which a blind person may independently use mobile applications on smart phones or tablets. Unless mobile applications are designed and coded to be read by screen reader software, blind individuals are unable to fully access websites and the information, products and services available through the apps. The international app standards organization, W3C, has published WCAG 2.1 A and WCAG 2.1 AA (Version 2.0 of the Web Content Accessibility Guidelines). WCAG 2.1 A and WCAG 2.1 AA provide widely accepted guidelines for making apps accessible to individuals with disabilities and compatible with screen reader software. These guidelines have been endorsed by the United States Department of Justice and numerous U.S. District Courts.

17. Through the mobile application, Defendant offers information on items and products for sale, price listings of items found at the store and the option to access hours of operations, and store phone number using information gathered from the mobile app. Defendant's app also helps users locate stores, view items on sale, read item descriptions and prices, gain access to special promotions and perform a variety of other functions.

18. Plaintiff is permanently blind and uses screen reader software in order to access the Internet and read mobile app content.

19. There is a physical nexus between Defendant's mobile app and physical stores in that the mobile app provides the contact information, operating hours, access to products found at the physical establishment and address to the retail establishments.

20. Despite several attempts to use and navigate the App, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services available on the App as a result of

access barriers on it. As a result of Defendant's access barriers, Plaintiff has been denied information that would allow him to access a physical brick and mortar location.

21. The barriers on the App have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's App although Plaintiff intends to use the mobile application in the future once it becomes accessible.

22. The access barriers on the App that Plaintiff has encountered include but are not limited to, the following:

a) Text equivalent for every non-text element is not provided;

b) Information about the meaning and structure of the App's content is not conveyed by more than the visual presentation of content;

c) When the sequence in which content is presented affects its meaning, a correct reading sequence cannot be programmatically determined;

d) App pages do not have titles that describe topic or purpose;

e) Images on the application are not explained to the user with use of a screen reader program; and,

f) There is no Accessibility Statement regarding a company policy to assist disabled users found anywhere in the app

23. These access barriers are in direct conflict with the WCAG 2.1 Guidelines that have been endorsed by the Department of Justice and numerous federal courts as explained above.

24. Upon information and belief, Defendant has never had a plan or policy that is reasonably calculated to make its mobile application fully accessible to, and independently usable by blind people.

25. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to modify its mobile application to correct the discriminatory conditions as set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

26. If Defendant's app were accessible, Plaintiff could independently research, review and purchase clothing and accessories from Defendant's stores online, as well as utilize the other functions on the app.

**27.** Without injunctive relief, Plaintiff and other blind individuals will continue to be unable to independently use the App in violation of their rights under the ADA.

28. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

**<u>SUBSTANTIVE VIOLATION</u>**
**<u>(Title III of the ADA, 42 U.S.C. § 12181 <i>et seq</i>.)</u>**

29. The allegations contained in the previous paragraphs are incorporated by reference.

30. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment the goods, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

31. Defendant's stores and accompanying app are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(E).

32. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

33. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

34. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii) (iii); see also 28 C.F.R. § 36.303(a).

35. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations set forth numerous examples of "auxiliary aids and services," including "…accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

36. The acts alleged herein constitute violations of Title III of the ADA, and the

8

regulations promulgated thereunder. Plaintiff, who is legally blind and has a disability that substantially limits the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's app. Plaintiff has not been afforded the goods, services, privileges and advantages that are provided to other patrons who are not disabled, and/or has been provided goods, services, privileges and advantages that are inferior to those provided to non-disabled persons. These violations are ongoing as Defendant has failed to make any prompt and equitable changes to its app and policies in order to remedy its discriminatory conduct.

37. Pursuant to 42 U.S.C. 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff, on behalf of himself, and other similarly situated requests relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through the undersigned counsel, respectfully prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its app is fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to brings its app into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its app is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

  e.  The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,

*/s/ Alberto R. Leal*
Alberto R. Leal
Florida Bar No.: 1002345
The Leal Law Firm, P.A.
8927 Hypoluxo Rd. #157
Lake Worth, FL 33463
Phone:561-237-2740
Facsimile: 561-237-2741
E-Mail:al@thelealfirm.com
**ATTORNEY FOR PLAINTIFF**